No. 05-13-01141-CR

149·15

In the Court of Criminal Appeals at Austin, Texas

ORIGINAL

Jeremy John Sandersfeld

Appellant

V.

The State of Texas

Appellee

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 17 2015

Abel Acosta, Clerk

On appeal in Cause No. 416-82341-07
From the 296th Judicial District Court of Collin County, Texas

Petition For Discretionary Review

FILED IN
COURT OF CRIMINAL APPEALS

APR 17 2015

Abel Acosta, Clerk

Jeremy John Sandersfeld
Appellant, Pro Se
TDCJ # 01875695
O.L. Luther Unit
1800 Luther Drive
Navasota, Tx. 77868

## Name Of Parties

A) Judge John Roach Jr. / 296th District Court

   2100 Bloomdale Drive

   McKinney, Tx. 75071

B) Jeremy John Sandersfeld; Appellant

   TDCJ-CID # 01875695

   O.L. Luther Unit

   1800 Luther Dr.

   Navasota, Tx. 77868

C) Marc Joseph Fratter; Counsel for Defendant at Hearing

   1207 West University Suite 101

   McKinney, Tx. 75069

D) The State of Texas by and through Greg Willis, Collin County

   District Attorney, John Roalter, Assistant District Attorney

   2100 Bloomdale Drive

   McKinney, Tx. 75071

E) Pamela J. Lakatos; Counsel for Appellant on Appeal

   P.O. Box 868091

   Plano, Tx. 75086

F) Court of Appeals, Fifth District of Texas at Dallas

   George L. Allen Sr. Courts Building

   600 Commerce Street, Suite 200

   Dallas, Tx. 75202

2

# Table Of Contents

Subject                                          Pg

Opening Page/Cover Sheet                          1

Name of Parties                                   2

Table of Contents                                 3

Index of Authorities                              4

Statement of Oral Argument                        5

Statement of Case                                 6

Statement of Procedural History                   7

Grounds for Review                                8

Argument                                         9-13

Prayer of Relief                                 14

Appendix                                         15

# Index Of Authorities

## Cases

689 S.W. 2d 905

915 S.W. 2d 106.

113 S.W. 3d 436

185 S.W. 3d 492

## Statutes

Texas C.C.P. Art. 42.12 § 10(a)

## Oral Argument

The appellant would like to be present at time of hearing to speak on his behalf and to clarify any questions or discrempancies. Appellant prays that the court will bench warrant him to be present for oral argument.

5

# Statement Of The Case

Appellant was charged by indictment with the offense of Aggravated Sexual Assault of a Child (CR:23). He entered a plea of guilty and received deferred adjudication probation (RR Supp Vol:4-5),(CR:25). He entered this plea persuant to a plea bargain before Judge Don Jarvis of the 416th district court (RR Supp Vol:1). This plea was made in open court by the appellant under procedures set out in Articles 26.13, 26.14, and 27.02 of the Texas Code of Criminal Procedures. Appellant's plea was supported by his judicial confession which admitted all elements of the offense of Aggravated Sexual Assault of a Child (CLRV₀ 1001:35).

Subsequently the State filed a Motion to Adjudicate Guilt (CR:43). Appellant entered a plea of Not True (RR:4). Appellant was adjudicatted and sentenced to Twenty Eight Years incarceration in the Texas Department of Criminal Justice the Institutional Division (CR:65). The revocation hearing and adjudicatted guilt decision was heard by and decided upon by Judge Roach Jr. of the 296th district court (CR:65)

Appellant filed Notice of Appeal on August 20, 2013 (CR:81). Appellant further filed a Response to Anders Brief on November 3, 2014 after Anders Brief was filed by counsel Pamela J. Lakatos who represented appellant on Direct Appeal. The Fifth Court of Appeals in Dallas Texas denied Appellant's Response to the Brief, of being frivolous

## Statement Of Procedural History

A) Response to the Anders Brief was filed on November 3, 2014 by Appellant, Pro Se

B) Appeals Court, Fifth Court of Appeals in Dallas Texas, opinion to Response to the Brief was decided upon on January 12, 2015.

C) No rehearing was ever filed to appellants knowledge, unless done through Panda Lakatos, the original counsel for appellant on Direct Appeal.

7

## Grounds For Review

1) In C.C.P. Art. 42.12 § 10(a) states "only the trial court can grant community supervision, impose conditions, revoke the community supervision, or discharge the defendant". The 416th district court granted community supervision through Judge Jarvis (CR pg. 33-40), but the 296th district court revoked supervision through Judge Roach Jr. (Supp. Index pg. 21; CR pg. 65)

2) Appellant's community supervision was revoked primarily based on perjured testimony which according to (185 S.W. 3d 492-496) states "relief will be granted when an applicant's guilt is adjudicated and community supervision is revoked on the basis of perjured testimony."

3) According to (113 S.W. 3d 436; 185 S.W. 3d 492) "a person on community supervision is entitled to written notice to revoke that fully informs him or her the terms of probation he or she is alleged to have breached. The application must clearly set out the basis on which the State seeks revocation so that probationer and his or her counsel have fair notice." Drug test failures were brought up that were not declared on the application to revoke which if given notice, evidence could have been gathered by probationer's counsel which would show allegations were false.

4) 6 out of 10 reasons for revocation were due to appellant's inability to pay numerous fees, which District Attorney Curtis Howard guaranteed defendant during plea bargain negotiations when appellant brought up financial concerns.

8

# Argument

According to C.C.P. Art. 42.12 § 10(a), it states "only the trial court can grant community supervision, impose conditions, revoke the probation, or discharge the defendant." Not only did the wrong court revoke the probation the defendant was on, but paperwork was falsified. If you look at (Clerk's Record pg. 25-27) it shows that defendant appeared in front of Judge John Roach Jr. of the 296th district court on 4/5/2011. (Clerk's Record pg. 28) shows the 416th district court, (Clerk's Record pg. 33-36) shows the 416th district court from 4/4/2011- 4/5/2011. (Clerk's Record pg. 37) shows 416th district court. (Clerk's Record pg. 38) shows the 416th district court on 4/5/2011. (CR pg. 40) shows defendant appeared in front of Judge Don Jarvis on 4/5/2011. (CR pg. 41) shows communication between Judge Chris Oldner of the 416th district court and defendant's supervising officer, Richard Kennedy, requesting a 3 day sanction for a failed drug test. Which shows the 416th district court, which granted the community supervision was the same court that imposed the sanction, which only the trial court can do. (CR pg. 41) shows the official amended condition issued from the 416th district court. (CR pg. 43-44) is the State's petition to enter final adjudication of defendant's guilt which was also filed in the 416th district court on 4/26/2013. On (CR pg. 45) under the presiding judges signature, it was hand written in the 416th district court and the 296th was lined out since it was the wrong court. Finally on (CR pg. 50-52) all the headings show the 416th district court, which was the defendant's motion to set bond for revocation arrest. (CR pg. 65) shows that revocation hearing on 7/24/2013 was through the 296th district court in front of Judge Roach Jr., transcripts will also back this up. So appellant believes it's apparent the (CR pg 25), showing Judge Roach Jr. of the 296th court with the date of appearance on 4/5/2011 in front of him is falsified and that appellant never should have gone in front of Judge Roach Jr. for revocation hearing in the 296th district court, but gone in front of Judge Oldner of the 416th district court. So appellant feels on this fact alone relief should be granted and that this appeal is not frivolous since no-one knows or can say what a seperate judge would feel about the evidence. If he would have felt the evidence was strong enough to revoke defendants probation.

9

Secondly most of the testimony given on the State's behalf was inaccurate information to the point of perjury and according to (185 S.W. 3d 495-496) it states "relief will be granted when applicant's guilt is adjudicated and community supervision is revoked on the basis of perjured testimony." The first testimony given that was perjurized was by Detective Michelle Grigg of the Carrollton Police Department. She states in the (Reporter's Record pg. 22 lines 16-25; pg. 23 lines 1-4) that two cases were filed in Dallas County for aggravatted sexual assault and indecency with a child in either late May or June of 2013. She says this as a statement of fact under oath. As of April 2015, 2 years after arrest for revocation of probation, no charges have been filed against appellant. Communication via U.S. Postal Service with Dallas County District Clerk shows charges were never pursued and there are no pending charges. Documentation of this will be included with this Petition and submitted as evidence of perjury. The perjury is further continued by Aaliyah Sandersfeld. She states that was sexually assaulted by appellant in his bed while appellant's wife, Amy McKinney, was asleep on March 13, 2013 (Reporter's Record pg. 49 lines 19-25; pg. 50 lines 1-5). Testimony given by Amy McKinney clearly states that she was never asleep while Aaliyah Sandersfeld was in the bed.(RR pg. 74 lines 4-25; pg. 75 lines 1-2; pg. 80 lines 7-22). Further testimony by Christian Sandersfeld also stated Aaliyah Sandersfeld slept on a pallet on the floor, not in appellant's bed,(RR pg. 88 lines 24-25; pg. 89 lines 1-7), which also coincides with Amy McKinney's statement. Further testimony given by Aaliyah Sandersfeld that shows perjury, is she states assaults took place during a two year period when appellant was never left alone with Aaliyah Sandersfeld and never out of a public place as witnessed by Janie Rios and Amy McKinney (RR pg. 60 lines 17-24; pg. 39 lines 17-25; pg 40 lines 1-20; pg. 77 lines 23-25; pg. 78 lines 1-9). Aaliyah Sandersfeld also stated that she told Ms. "A", which she identifies as the school counselor (RR pg. 51 lines 5-11). In Ms. Atkins testimony, the school counselor, she states Aaliyah Sandersfeld had never informed anyone at school about sexual abuse prior to March 2013 (RR pg. 14 lines 8-19). Besides the counselor, Aaliyah Sandersfeld states she also told several teachers and Janie Rios about ongoing abuse (RR pg. 60 lines 3-25; pg. 61 lines 1-3). Janie Rios denies being told anything (RR pg. 42 lines 3-25; pg 43 lines 1-3). Aaliyah Sandersfeld had also falsely accussed Jacob Bland, appellant's step-son, in the past of sexual abuse which was stated to Janie Rios (RR pg. 43 lines 8-25). Also witnessed by Amy

McKinney, Jacob Bland, and Jeremy Sandersfeld. Aaliyah Sandersfeld later took back that accusation against Jacob Bland as witnessed by Janie Rios (RR pg 43 lines 11-15), Amy McKinney, Jacob Bland, and Jeremy Sandersfeld. Then during testimony given by Aaliyah Sandersfeld, not only does she say it didn't happen but she doesn't even remember making the accusation (RR pg. 53 lines 15-25; pg. 54 lines 1-12). So who's word do you believe or go by? Either she is telling the truth and multiple other people are lying including her mom, dad, step-mom, step-brother, school counselor, and multiple school teachers; or she is making her second false accusation against a second individual. It can only be one of the two scenarios and I want to know when the justice system started locking people up when 6 people say the same thing but the courts agree with the only individual that is saying something different. If it is believed that Aaliyah Sandersfeld is lying in any part of her testimony, then all her testimony is invalid. As much as we hate to have kids harmed, it's also just as harsh to punish a person of said crime falsely. Further perjured statement was given by Leigh Gordan-Riley, a felony court officer for Collin County. She states that progress in the sex offender program was lacking and not satisfactory (RR pg. 97 lines 1-11). She also states appellant's wife, Amy McKinney, didn't complete chaperone class. Then both statements were proven wrong (RR pg. 98 lines 4-14; pg. 100 lines 17-25; pg. 101 lines 1-25). She also states that appellant failed 11 out of 15 drug test (RR pg. 86 lines 3-6; pg. 97 lines 17-20). Financial records show appellant owed $360.00 for drug test. The cost of each drug test is $40.00. $360.00 divided by $40.00 only makes 9 drug test which is correct (CR pg. 43 Item 6). Only two of those nine tested positive. The first failed drug test was a verbal reprimand and the second was a 3 day sanction in the county jail (CR pg. 41). So Ms. Riley didn't only knowingly commit perjury but produced a false document to support her lies. I believe if the drug lab's results were subpoenaed, totally different results would be proven. What judge or court lets you 11 consecutive drug test for marijuana, opiates, and methamphetamines and only makes you do 3 days in jail? Not only were there lies told about the drug test, but according to (185 S.W. 3d 492) it states a probationer is entitled to written notice of the claimed violations of his probation, disclosure of the evidence against him. Further backed up by (113 S.W. 3d 436) which states "a probationer on community supervision is entitled to a written application that fully informs him or her of the basis

11

on which the terms of probation he or she is alleged to have breached. The application must clearly set out the basis on which the State seeks revocation so that probationer and his or her counsel have fair notice". In (CR pg. 43-44) nowhere out of the 10 reasons given to revoke probation does it state anything about faile drug test. So the subject should have never been brought up.

Finally 6 out of the 10 reasons used to revoke probation were for financial reasons (CR pg. 43-44). In plea deal offering probation by District Attorney Curtis Howard, the Inability to pay fees due to loss of job by defendant as a result of pleading guilty was brought up. Mr. Howard stated probation could not be revoked due to inability to pay fees. Plus if financial records were pulled, it will show that appellant had made payments that were directed solely to probation fees since gaining employment.

So between Ms Griggs lying about charges being filed for a new crime that didn't happen. Aaliyah Sandersfeld lying about multiple topics, and Ms. Riley lying about class attendence, chaperone training, and drug test failures. Along with separate court revoking probation than the original trial court that assigned the probation, this shows that the appeal is not frivolous but warrants a new hearing. Appellant believes that automatic relief should be granted. It is also sought that Ms. Griggs's, Aaliyah Sandersfeld's, and Ms. Riley's perjured testimony not be allowed and future testimony not be given due to perjury. In (185 S.W. 3d 492 section (4) constitutinal law 274(5) sentencing and punishment 2001, 2030) states, "probationers have an obvious interest in retaining their conditional liberty, while the State has an interest in ensuring that probation revocation proceedings are based on accurate findings of fact and the informed exercise of discretion, which avoid the unnecessary interruption of a successful effort at rehabilitation and provide for the safety of the community." Nowhere in this revocation hearing was discretion used. Judge Roach Jr stated, when defendant's counsel said that by the perponderance of evidence does not show revocation is due, Judge Roach Jr. replied "that reinstatement is not an option on the table", and if the defendant would have gone through his court he would not have received probation in the first place. Appellant believes this shows that no matter what the evidence would have shown, that Judge Roach Jr. ran a biased hearing to exact whatever punishment he felt

appellant should have received in the first place. In (185 S.W. 3d 492) states probationer is entitled to be given the opportunity to be heard in person and to present witnesses and documentary evidence in front of a neutral hearing body which obviously Judge Roach Jr. was not neutral. So continue to say this appeal is frivolous would be to continue a gross miscarriage of justice in the fact that no matter how sensitive the subject of allegations is, letting a man go to prison and lose his freedom and family is just as bad. To say what another judge would uphold or even deem necessary punishment between two different courts is unjust. Once an unbiased judge sees the proper evidence, not made up evidence, appellant believes there would be a different outcome of revocation hearing and defendant prays that this court sees the importance of another hearing in the proper court.

## Prayer Of Relief

Wherefore, premises considered, the appellant representing himself pro se request this Court of Appeals to review the record on appeal, consider this Petition for Discretionary Review in support of relief through appeal and grant appellant such sought relief.

Respectfully Submitted,

Appellant, Pro Se

Jeremy Sandersfeld

TDCJ # 1875695

O.L. Luther Unit

1800 Luther Drive

Navasota, Tx. 77868

14

# Appendix

A) Communication between appellant and Dallas County District Clerk Gary Fitzsimmons along with all charges ever filed in Dallas County both midemenor and felony

B) Opinion passed down from Court of Appeals Fifth District at Dallas Texas

C) Original Response to Anders Brief presented to Fifth District Court of Appeals at Dallas Texas

District Clerk,                                                    9-4-14

    My name is Jeremy John Sandersfeld and I wrote you on May 2014 asking about any pending charges out of your county. I received a response from you with a list of all charges I had ever received out of Dallas County. You also wrote on that page that I had no pending charges. I further looked into this and what I have been told is charges were filed either in late may 2012 or early June 2012. One charge of Sexual Assault of a Child and Indecency with a Child. Now none of this is for sure it is coming from someones mouth no definite source. I was just wondering if you could further look into this and let me know if these charges were ever filed, if they were what happened to them, or if this is all just hearsay. Also could you let me know if anything new has surfaced as far as charges or if I am still good in your county. I have already gave you my name. I am a white male, DOB: 10-17-77, I am 37 years old. I believe that is all the info you should need to look into this. Thank you again for your time on this matter.

Jeremy Sandersfeld #1875695
O.L. Luther Unit                    Sincerely,
1800 Luther Drive
Navasota, Tx. 77868.

```
¢XJI56   NAME ENTERED SANDERSFELD JEREMY .              NAME TYPE DF

LN                          ARC RS    DOB     CASE/BOND    CT  CHARGE          DISP

01 SANDERSFELD JEREMY JOHN    A  WM  101777  MB9723470    MG  DWLS/SR         RVRD

02 SANDERSFELD JEREMY JOHN       WM  101777  F-9723184    FQ  ENG ORG CRIME   RVRD

03 SANDERSFELD JEREMY JOHN       WM  101777  F-9723189    FQ  ENG ORG CRIME   RVRD

04 SANDERSFELD JEREMY JOHN       WM  101777  MB0528407    ME  POSS MJ         DSCH

        * * *   E N D    O F    R E C O R D S     R E T R I E V E D   * * *

LINE NO 01                      FOR CURRENT BOND DATA USE AIS SYSTEM
```

GARY FITZSIMMONS
District Clerk
Frank Crowley Courts Bldg.
133 N. Industrial Blvd., LB 12
Dallas, Texas 75207-4313



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-13-01141-CR
_____

## JEREMY JOHN SANDERSFELD, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

### On Appeal from the 296th Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 416-82341-07

---

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Myers and Brown
Opinion by Chief Justice Wright

Jeremy John Sandersfeld appeals following the adjudication of his guilt for aggravated sexual assault of a child younger than fourteen years. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B) (West Supp. 2014). The trial court assessed punishment at twenty-eight years' imprisonment. On appeal, appellant's attorney filed a brief in which she concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 811–12 (Tex. Crim. App. [Panel Op.] 1978). Counsel delivered a copy of the brief to appellant. *See*

*Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (identifying duties of appellate courts and counsel in *Anders* cases).

Appellant filed a pro se response raising several issues  After reviewing counsel's brief, appellant's pro se response, and the record, we agree the appeal is frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases).  We find nothing in the record that might arguably support the appeal.

We affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47
131141F.U05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JEREMY JOHN SANDERSFELD,
Appellant

No. 05-13-01141-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 296th Judicial District
Court of Collin County, Texas (Tr.Ct.No.
416-82341-07.
Opinion delivered by Chief Justice Wright,
Justices Myers and Brown participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **AFFIRMED**.

Judgment entered January 12, 2015.

-3-

NO. 05-13-01141-CR

In The Court Of Appeals For The Fifth Judicial
District Of Texas At Dallas

Jeremy John Sandersfeld

Appellant

V.

The State Of Texas

Appellee

FILED IN
COURT OF APPEALS

NOV 0 3 2014

LISA MATZ
CLERK, 5th DISTRICT

On Appeal In Cause No. 416-82341-07
From The 296th Judicial District Court Of Collin County, Texas

Appellant's Response To Brief

Jeremy J. Sandersfeld
Appellant, Pro Se
TDCJ. #1875695
O. L. Luther Unit
1800 Luther Drive
Navasota, Texas 77868

No Oral Argument

# Names Of Parties

Pursuant to Tex. R. App. P. Rule 38.1, the following is a complete list of the parties and persons interested in the outcome of this cause:

(A) Jeremy John Sandersfeld, the Appellant, TDCJ 01875695, O.L. Luther Unit, 1800 Luther Drive, Navasota, Texas 77868

(B) Marc Joseph Fratter, counsel for Appellant at trial, 1207 West University, Suite 101, McKinney, Texas 75069

(C) Pamela J. Lakatos, P.O. Box 868091, Plano, Texas 75086-8091, counsel for Appellant on appeal.

(D) The State Of Texas, by and through Greg Willis, Collin County District Attorney, John Roalter, Assistant District Attorney, 2100 Bloomdale Road, McKinney, Texas 75071

# Table of Contents

| Subject | PG |
|---|---|
| Opening Page | 1 |
| Names Of Parties | 2 |
| Table Of Contents | 3 |
| List Of Authorities | 4 |
| Preliminary Statement | 5 |
| Summary Of The Evidence | 6-10 |
| Conclusion / Relief Sought | 11 |
| Prayer | 12 |
| Certificate Of Service | 13 |

③

## <u>List of Authorities</u>

<u>Cases</u>

Carmona V. State, 185 S.W. 3d 492 (Tex. Crim. App. 2006)

Jackson V. State, 915 S.W. 2d 104 (Tex. Crim. App. 1996)

Pruitt V. State, 689 S.W. 2d 905 (Tex. Crim. App 1985)

<u>Statutes</u>

Texas C.C.P. Art. 42.12 § 10(a)

④

## Preliminary Statement

Appellant was charged by indictment with the offense of Aggravated Sexual Assault of a Child. (CR:23) He entered a plea of guilty and received Deferred Adjudication. (RR Supp Vol: 4-5); (CR:25) He entered this plea persuant to a plea bargain before Judge Don Jarvis. (RR Supp Vol: 1) This plea was made in open court by the Appellant under procedures set out in Articles 26.13, 26.14 and 27.02 of the Texas Code of Criminal Procedures. Appellant's plea was supported by his judicial confession which admitted all elements of the offense of Aggravated Sexual Assault of a Child. (CLR Vol 001:35)

Subsequently the State filed a Motion to Adjudicate Guilt. (CR:43) Appellant entered a plea of Not True. (RR:4) Appellant was adjudicatted and was sentenced to Twenty Eight Years incarceration in the Texas Department of Criminal Justice, the Institutional Division. (CR:65)

Appellant filed Notice of Appeal on August 20, 2013 (CR:81)

⑤

## Summary Of The Evidence

The Appellant was brought up on a Motion To Adjudicate Guilt on July 24, 2013. Appellant served from April 5, 2011 until April 26, 2013 on community supervision out of Collin County, Texas under his supervisor Richard Kennedy. The Appellant would like to bring to the attention of the court multiple infractions which he believes shows just cause for a new hearing based on these problems. First, under Texas C.C.P. Art. 42.12 § 10(a) it states "only the court in which the defendant was tried may grant community supervision, impose conditions, revoke the community supervision, or discharge the defendant." The original proceedings and assignment to community supervision was done through the 416th District Court with Judge Don Jarvis overseeing the proceedings. This is confirmed in the (Clerk's Record 28-40) Due to a failed drug test on 12/20/2011 Mr. Kennedy requested from Judge Oldner of the 416th court to sanction Appellant to (3) days in the county jail which further agrees to the fact that the case was heard originally in the 416th District Court and by Art 42.12 § 10(a) was done properly. Then when revocation hearing was held and community supervision was revoked, it was done in the 296th District Court overseen by Judge Roach Jr as shown in (Clerk's Record 65). Proceeding to next subject looking at the State's Petition To Enter A Final Adjudication Of Defendants Guilt in the (Clerk's Record 43-44). Subject 1 states Appellant committed an offense against the law of the State of Texas on or about March 13, 2013 in Dallas County being Indecency with a Child by Sexual Contact which later in the revocation hearing it was stated that a second charge of Aggravated Sexual Assault of a Child was also filed in the same county per Detective Michelle Grigg of the Carrollton Police Department, this is stated in the (Reporter's Record Pg. 22 Lines 16-25, Pg 23 1-4) In further research done by Appellant and shown by communication and documents provided by the Dallas County District Clerk and in possession of the Appellant,

6

charges were never filed on stated months of May or June of 2013. As a matter of fact no charges have been filed as of last communication with Dallas County District Clerk during September 2014. So by the definitive statement of Ms. Grigg. It shows that she committed perjury on the stand in her attempt to make the allegations more plausable. Under (Ex Parte Carmona 185 S.W. 3d 492, 495-496) it states "relief will be granted when an applicant's guilt is adjudicated and community supervision is revoked on the basis of perjured testimony". The perjury is further continued by Aaliyah Sandersfeld. She states that she was sexually assaulted by Appellant in his bed while Appellant's wife was asleep on March 13, 2013 (RR Pg 49 lines 19-25, Pg 50 lines 1-5). Testimony given by Appellant's wife, Amy McKinney, clearly states that she was never asleep while Aaliyah Sandersfeld slept or was in the bed (RR Pg 74 lines 4-25, Pg 75 lines 1-2, Pg 80 lines 7-22). Further testimony given by Christian Sandersfeld also stated Aaliyah Sandersfeld slept on a pallet on the floor (RR Pg. 88 lines 24-25, Pg 89 lines 1-7) Further testimony given by Aaliyah Sandersfeld that shows perjury, she stated the sexual abuse took place during a two year period when Appellant was never alone with her and never out of a public place as witnessed by Janie Rios and Amy McKinney (RR Pg 60 lines 17-24; Pg 39 lines 17-25, Pg 40 lines 1-20; Pg 77 lines 23-25, Pg 78 lines 1-9). Aaliyah Sandersfeld also states that she told many teachers, counselors, and Janie Rios about the ongoing abuse (RR Pg 60 lines 3-25, Pg 61 lines 1-3). Janie Rios denies being told (RR Pg. 42 lines 3-25, Pg 43 lines 1-3). She also states she told Ms. A which she identifies as the school counselor (RR Pg 51 lines 5-11). In Ms. Atkins testimony, the school counselor, she states Aaliyah Sandersfeld had never informed anyone at school about sexual abuse prior to March 2013 (RR Pg 14 lines 8-19). Aaliyah Sandersfeld had also falsely accused Jacob Bland, Appellant's step-son, in the past of sexual abuse which stated to Janie Rios (RR Pg. 43 lines 8-25). Also witnessed by Jeremy Sandersfeld, Amy McKinney, and Jacob Bland. Aaliyah Sandersfeld later took back that accusation against Jacob

Bland as witnessed by Janie Rios (RR Pg 43 lines 11-15) Jeremy Sandersfeld, Amy McKinney, and Jacob Bland. Then during testimony Aaliyah Sandersfeld not only says it didn't happen, she didn't even remember making the accusation (RR Pg 53 lines 15-25, Pg 54 lines 1-12). So I believe through these multiple examples it shows not only does Aaliyah Sandersfeld show she committed perjury on the stand and not just by mistakenly not remembering dates and times but also by stating she told several people about ongoing abuse, none of which backs her up, but even state she didn't tell anyone. That put together with the false allegation made on another person by Aaliyah Sandersfeld, stating the exact same sexual abuse shows she has the capability to lie and is doing so at this time. Further perjured statement was given by Leigh Gordon-Riley a felony court officer for Collin County. She states that progress in some areas of the sex offender program but lacking progress in others and participation in program was not fully satisfactory (RR Pg 97 lines 1-11). Also states Appellant's wife, Amy McKinney, didn't complete chaperone class. Then both statements were proven wrong (RR Pg 98 lines 4-14, Pg 100 lines 17-25, Pg 101 lines 1-25). She also states that Appellant failed 11 out of 15 drug test as stated on (RR Pg 86 lines 3-6, Pg 97 lines 17-20). Financial records show Appellant owed $360.00 for drug test. The cost of each drug test is $40.00. $360.00 divided by $40.00 only makes 9 drug test which is the correct amount of drug test taken (CR Pg 43 Item 6). Which only two of those tested positive. One on May 2011 for marijuana and again on December 20, 2011 for marijuana and methamphetamines (CR Pg 41-42). Opiates were a prescription for hydrocodones. So Ms. Riley did not only knowingly commit perjury but produced a false document to support her lies. I believe if the drug labs records were subpoened, totally different results would come out. What judge or court lets you fail 11 consecutive drug test over 9 month for marijuana, methamphetamines, and opiates. Then let's a defendant remain on probation much less do one sanction weekend for the 10th failed drug test, then allow another failure the next month? So this further

⑧

shows perjury committed. So between Ms. Grigg lying about charges being filed for new crime, Aaliyah Sandersfeld lying about multiple things, and Ms. Riley lying about class attendance, chaperone, and drug test and what (185 S.W. 3d 492 Ex Parte Carman) states along with seprate court revoking probation then the Court that assigned the probation as per (Texas C.C.P. Art 42.12 § 10(a)) those reasons alone grant automatic relief to applicant. But to further show the problems in this hearing to further persue the drug testing not being admissable as a factor to revoke probation it further states in (185 S.W. 3d 492 Ex Parte Carman), "the probationer is entitled to written notice of the claimed violations of his probation, disclosure of the evidence against him." Nowhere in the "State's Petition To Enter A Final Adjudication Of Defendant's Guilt" does it state anything about failed drug test so subject never should have been brought up and defenses attorney should have objected to this argument being brought up. Item's 2-7 on Motion to Revoke are all for failure to keep financial obligations. In (915 S.W. 2d 104, 106 Jackson V. State) "In a proceeding to revoke probation ... the inability of the probationer to pay enumerated fees is an affirmative defense". Also when being able to maintain financial obligation was brought up as a concern to Curtis Howard at court hearing that granted the probation Mr. Howard stated Appellant could not be revoked for financial reasons. Plus $45,065.17 Court appointed attorney fees was never agreed to by appellant. A hearing was said to have happened on April 12, 2011 where Appellant was said to be present when in fact he was not. Nowhere on the docket sheet does it show a setting and nothing containing his signature pertaining to changes made on April 12, 2011 appears. So those fees were not agreed to and never would have been because that would have made the terms impossible to fulfill because financial burden would have been to much. If the original financial terms were presented as a problem (Reporter's Record Supplemental Volume Pg. 10 lines 11-16) on April 5, 2011

(9)

which was before a $45,000 attorney bill more than quadripled the financial burden then Appellant would have deemed terms impossible and under (689 S.W. 2d 905 Ex Parte Pruitt) it states "defendants plea was involuntary when the terms were impossible to fill."

## Conclusion / Relief Sought

Due to facts showing that the district court that granted the probation being the 416th was not the court that revoked the probation which was the 296th. The multiple state witnesses that committed perjury on the stand. The added financial burden of $45,065.17 that was not discussed with Appellant. Coupled with the fact that the judge went against the perponderance of evidence and sentenced Appellant based on circumstances that had not been proven, that Appellant should be granted relief and brought back to the proper district court and another revocation hearing should be had or that Appellant be placed back on community supervision with all time that Appellant has been incarcerated since April 26, 2013 be credited towards the community service.

11

## Prayer

Wherefore, premises considered, the Appellant representing himself Pro Se requests this Court of Appeals to review the record on appeal, consider the response to the brief in support of relief through appeal, and grant Appellant such sought relief.

Respectfully Submitted,

Jeremy J. Sondersfeld
Appellant, Pro Se
TDCJ# 1875695
O.L. Luther Unit
1800 Luther Drive
Navasota, Tx. 77868

## Certificate Of Service

I hereby certify that a true copy of the foregoing response to the brief has been served on The Court Of Appeals For The Fifth Judicial District Of Texas At Dallas, Texas. By U.S. Mail delivery and sent out on October 28, 2014

_Jeremy J. Sandersfeld_
Appellant, Pro Se

(13)

my Sadlerstld #1875075
Unit
200 Lillie Drive
Palestine, TX 77980

Special Mail

Court of Criminal Appeals
P.O. Box 12308
Capital Station
Austin, TX 78711




